UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-00980-WLH-AS | Date | March 31, 2026 |
| --- | --- | --- | --- |
| Title | *Carlo, Inc. v. Tranessa Oliver* | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
| --- | --- |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER REMANDING MOTION TO STATE COURT [8]**

The Court is in receipt of Plaintiff's Motion to Remand (the "Motion"). (Mot., Dkt. No. 8). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for April 3, 2026, is **VACATED** and the matter taken off calendar. For the reasons explained herein, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to state court for further proceedings.

Plaintiff Carlo, Inc. ("Plaintiff") initiated this unlawful detainer action in Los Angeles County Superior Court on November 18, 2025, against Defendant Tranessa Oliver ("Defendant") seeking possession of the premises located at 10947 Bloomfield Street, #110, North Hollywood, CA 91602. (Notice of Removal ("NOR"), Dkt. No. 1, Ex. A (the "Complaint")). Plaintiff served Defendant on November 18, 2025. (NOR at 2).[1] On January 30, 2026, Defendant, proceeding *pro se*, removed the action to this

---

[1] Plaintiff attaches a Proof of Service to their Motion, which identifies December 17, 2025, as the operative date of service. (Mot., Ex. 2 ("Proof of Service")). For purposes of determining timeliness, the Court will utilize this later date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

Court, invoking federal question jurisdiction under 28 U.S. Code § 1331.  Defendant specifically cites the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and "related federal protections concerning housing discrimination and COVID-19 eviction moratoriums" as the basis for such jurisdiction.  (NOR at 2).  Plaintiff filed the instant Motion to Remand for lack of subject matter jurisdiction on March 6, 2026.  (*See generally* Mot.).  Defendant declined to file an opposition.

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Valid removal based on federal question jurisdiction is governed by the "well-pleaded complaint" rule: "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The removing party bears the burden of establishing federal jurisdiction and that removal was proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

As an initial matter, it appears Defendant's removal to this Court is untimely under 28 U.S.C. § 1446.  That statute requires defendants to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise[.]"
28 U.S.C. § 1446(b)(1).  With Plaintiff's service of the Complaint on Defendant on December 17, 2025 (*see* Proof of Service), Defendant's removal deadline was January

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

16, 2026.  Defendant filed her untimely NOR on January 30, 2026.  (Dkt. No. 1).  As such, the Court finds remand appropriate on that ground alone.

Even if the removal had been timely, Defendant's assertion of the FHA is insufficient to create federal question jurisdiction.[2]  *First*, the Complaint only alleges a single claim for unlawful detainer, which is insufficient to invoke federal question jurisdiction.  *Wachovia Mortg., FSB v. Rabb*, 2:15-CV-03903-ODW, 2015 WL 3454558, at *1 (C.D. Cal. May 29, 2015) (collecting cases).  *Second*, to the extent the FHA offers a defense against Plaintiff's action, Defendant cannot manufacture federal question jurisdiction by anticipating a defense rooted in federal law.  *See Wilmington Sav. Fund Soc'y v. Bagheri*, No. CV 23-1210-MWF (X), 2023 WL 3005005, at *1 (C.D. Cal. Apr. 19, 2023) ("Federal question jurisdiction cannot be based on an anticipated defense or a counterclaim."); *see also IH3 Prop. W., L.P. v. Morgan*, No. CV 14-09507-AB (ASX), 2015 WL 12819164 at *2–3 (C.D. Cal. Jan. 7, 2015) (remanding an unlawful detainer action where the defendant claims the plaintiff violated the Fair Housing Act).

For these reasons, the Court finds no basis to exercise jurisdiction over this unlawful detainer action.  Accordingly, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to the Superior Court of Los Angeles County for further proceedings.  All deadlines and hearings in this case are hereby **VACATED**.  The Clerk's Office is ordered to administratively close this case.

**IT IS SO ORDERED.**

---

[2] The Notice of Removal did not allege diversity jurisdiction, but it is clear from the face of the Complaint that such as basis is unavailable in the instant action.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 − well below the statutory threshold of $75,000.  (*See* Compl. at 1).